United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 03-51155
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

JOSE ANTONIO GUZMAN-REYES,

Defendant-

Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1180-5-PRM
-------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Guzman-Reyes appeals the sentence imposed following his guilty-plea

conviction for conspiracy to possess with intent to distribute greater than 100 kg of marijuana, in

violation of 21 U.S.C. § 841 and 21 U.S.C. § 846.

Guzman argues that the district court erred when it found that he was a manager or leader in

the conspiracy as set forth in U.S.S.G. § 3B1.1(c), thus precluding him from safety valve eligibility

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as set forth in 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(a). He argues that the evidence fails to establish that he was an organizer or leader of at least one other participant and there is no evidence that establishes that he asserted control or influence over that participant.

Guzman objected in the district court that the four-level increase set forth in U.S.S.G. § 3B1.1(a) should not apply in his case. His argument support his objection indicated that the two-level increase set forth in U.S.S.G. § 3B1.1(c) was justified by the facts. When the district court sustained Guzman's objection and applied U.S.S.G. § 3B1.1(c) rather than U.S.S.G. § 3B1.1(a), Guzman did not object. He also did not request that the district court apply the safety valve adjustment. His arguments to this court therefore were not adequately preserved, and this court's review is thus limited to the plain error standard of review. See United States v. Anderson, 174 F.3d 515, 525 (5th Cir. 1999).

Evidence set forth in the sentencing hearing and the factual basis accompanying Guzman's plea agreement indicates that Guzman attempted to purchase approximately 840 pounds of marijuana. Guzman was involved in negotiations to secure the marijuana, he instructed his brother with respect to the delivery of the cash for the deal, and he personally attempted to take delivery of the marijuana. Guzman thus could be characterized as an organizer or leader, since his brother was there to provide assistance and Guzman instructed his brother with respect to the location of the cash. See United States v. Jobe, 101 F.3d 1046, 1065 (5th Cir. 1996). Guzman could also be characterized as a person who exercised management responsibility over the property, assets, or activities of a criminal organization, since he personally was involved in the negotiations and personally took possession the marijuana and attempted to remove it from the location where he received it. See U.S.S.G. § 3B1.1 comment. (n.2).

The district court therefore did not err when it determined that Guzman was a manager or leader of the conspiracy and applied U.S.S.G. § 3B1.1(c) in the calculation of Guzman's sentence. Additionally, the district court did not commit error, plain or otherwise, when it sentenced Guzman to the statutory minimum sentence of 60 months' imprisonment, because the safety valve only applies if, inter alia, "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines." See U.S.S.G. § 5C1.2(a)(4).

Guzman also argues that under Blakely v. Washington, 124 S. Ct. 2531 (2004), the assessment of his role in the offense and the appropriateness of the § 3B1.1(c) adjustment should have been determined by a jury. This issue is foreclosed by United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed (July 14, 2004).

For the foregoing reasons, the district court's judgment is AFFIRMED.