**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50566
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUEBEN DILKS, also known as Ruben Dilks,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
No. 6:03-CR-185-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rueben Dilks appeals his jury conviction and the sentence imposed for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Dilks argues that the evidence was insufficient to support his conviction. Because Dilks did not renew his motion for a judgment of acquittal at the close of all of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the evidence, review is limited to determining whether there was "a manifest miscarriage of justice."  See United States v. Green, 293 F.3d 886, 895 (5th Cir. 2002).

"In order to convict one for felon in possession of a firearm, the government must prove that the defendant (1) has been convicted of a felony; (2) possessed a firearm in or affecting interstate commerce; and (3) knew that he was in possession of the firearm." United States v. Ybarra, 70 F.3d 362, 365 (5th Cir. 1995).  The parties stipulated that Dilks was a convicted felon.  Where the place of a weapon's discovery is jointly occupied, constructive possession can be found so long as there is some evidence "that the defendant had knowledge of and access to the weapon or contraband." United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993).

A review of the evidence presented at  trial indicates that the record is not "devoid of evidence" of Dilks's guilt or "so ten-uous that a conviction is shocking."  See United States v. Avants, 367 F.3d 433, 449 (5th Cir. 2004).  Therefore, Dilks has not shown that his conviction would result in "a manifest miscarriage of justice."  See Green, 293 F.3d at 895.

Dilks argues that the evidence is insufficient to support the district court's determination that he had three prior violent felony convictions under 18 U.S.C. § 924(e).  He does not contend that the government failed to present sufficient evidence to establish that he had 1990 convictions for burglary of a building and injury to a child; instead, he urges that his prior escape

conviction is not a violent felony under § 924(e).  We have held that escape is a crime of violence under U.S.S.G. § 4B1.2(a), even if the escape did not involve the use of force.  United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999).  Several other circuits have held that escape is a violent felony within the meaning of § 924(e).[1]

We adopt this approach and conclude that escape is a violent felony under § 924(e).  Therefore, the district court did not err in determining that there was sufficient evidence to establish that Dilks had three prior violent felony convictions under § 924(e).[2]

Dilks argues that his sentence should be vacated in view of Blakely v. Washington, 124 S. Ct. 2531 (2004).  Because he did not raise this issue in the district court, review is limited to plain error.  See United States v. Vonn, 535 U.S. 55, 59 (2002).  Dilks must show (1) an error; (2) that is clear or plain; (3) that affected his substantial rights; and (4) that seriously affected

---

[1] See United States v. Maddox, 388 F.3d 1356, 1368-69 (10th Cir. 2004) (holding that escape constitutes violent felony under § 924(e)), cert. denied, 125 S. Ct. 1689 (2005); United States v. Wardrick, 350 F.3d 446, 455 (4th Cir. 2003) (stating that escape constitutes violent felony because of risk of injury to others), cert. denied, 541 U.S. 966 (2004); United States v. Franklin, 302 F.3d 722, 723-25 (7th Cir. 2002) (deciding that escape qualifies as violent felony because it involves "serious potential risk of physical injury to another"); United States v. Jackson, 301 F.3d 59, 61-63 (2d Cir. 2002) (concluding that escape is violent felony because "escape invites pursuit; and the pursuit, confrontation, and recapture of the escapee entail serious risks of physical injury to law enforcement officers and the public."); United States v. Abernathy, 277 F.3d 1048, 1051 (8th Cir. 2002) (same); United States v. Houston, 187 F.3d 593, 594-95 (6th Cir. 1999) (same).

[2] We need not address Dilks's argument that the district court erred in considering his 1969 and 1972 convictions as a basis for the sentencing enhancement under § 924(e).

the fairness, integrity, or public reputation of his judicial proceedings. See United States v. Olano, 507 U.S. 725, 732-35 (1993).

The district court enhanced Dilks's sentence under § 924(e) because he had at least three prior violent felony convictions as defined by § 924(e)(1) and (2)(B)(i) and (ii), including a 1990 conviction for burglary of a building, a 1990 conviction for injury to a child, and a conviction for escape. Under § 924(e), the mandatory minimum sentence was 15 years or 180 months of imprisonment, and the statutory maximum sentence was life imprisonment. Dilks was sentenced to 188 months.

Under U.S.S.G. § 4B1.4, his offense level was increased to 33 because he had prior convictions for robbery, burglary, burglary of a building, injury to a child, and escape; he was therefore an armed career criminal. His criminal history category was IV. Based on an offense level of 33 and a criminal history category of IV, the applicable sentencing range was 188 to 235 months. Because Dilks was subject to the mandatory minimum sentence of 15 years, he has not shown that his sentence would likely have been different if the judge had sentenced him under the Booker advisory regime; therefore, he has not shown plain error. See United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517).

AFFIRMED.