United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-51155
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO GUZMAN-REYES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The United States Supreme Court granted defendant-appellant Jose Antonio Guzman-Reyes's

petition for certiorari, vacated this court's previous judgment, and remanded the case to this court

for consideration in light of its ruling in *United States v. Booker,* 125 S. Ct. 738 (2005). *See Guzman-*

*Reyes v. United States*, 125 S. Ct. 1407 (2005).

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## PROCEDURAL HISTORY

Jose Antonio Guzman-Reyes pled guilty to conspiracy to possess with intent to distribute more than100 kilograms of marijuana, in contravention of 21 U.S.C. § 841 and § 846. The applicable U.S. Sentencing Guidelines ("U.S.S.G.") range was 51-63 months based on his Offense Level of 24 and his Criminal History Category of I. However, because his conduct mandated a statutory mandatory minimum sentence of at least 60 months imprisonment, his U.S.S.G. range was in essence 60-63 months. The district court sentenced Guzman-Reyes to 60 months.

In his original appeal to this court, Guzman-Reyes raised a number of claims. He contended, inter alia, that the district court erroneously deemed him to be a manager or leader of the conspiracy, in accordance with U.S.S.G. § 3B1.1.(c), thereby proscribing the district court from granting him a "safety valve" sentencing departure pursuant to 18 U.S.C. § 3553(f)(4), and U.S.S.G. § 5C1.2(a). We found that the district court did not err when it found that Guzman-Reyes was ineligible for a "safety valve" departure given the following, each of which militates in favor of a finding that he was a leader of the conspiracy: (1) Guzman-Reyes's attempt to purchase more than 840 pounds of marijuana, (2) his directing a family member (also a conspiracy member) to deliver cash to consummate the transaction, and (3) his attempt to take possession of the marijuana. *See United States v. Guzman-Reyes*, 113 Fed. Appx. 607, 608-09 (5th Cir. 2005). Moreover, for the first time on appeal, Guzman-Reyes argued that the district court's finding that he was the manager or leader of the conspiracy, should have actually been determined by a jury beyond a reasonable doubt, and therefore was improper under *Blakely v. Washington*, 542 U.S. 296 (2004). We rejected this claim as well, and affirmed Guzman-Reyes's sentence. *Id.*

Guzman-Reyes petitioned the United States Supreme Court for relief. The Supreme Court granted his petition for writ of certiorari, vacated our earlier judgment, and remanded the case for our consideration in light of *Booker*.

FURTHER CONSIDERATION IN LIGHT OF *BOOKER*

Pursuant to our instructions, the parties filed briefs on *Booker*'s impact upon the sentence imposed by the district court. Guzman-Reyes acknowledges that he did not argue before the district court that his sentence was infirm because it was enhanced based on facts that were not proven by a jury beyond a reasonable doubt, and that he did not argue that it improper for him to sentenced under guidelines that were understood to be mandatory at the time he was sentenced. Therefore, we may only review these claims for plain error. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *cert. denied*, *Mares v. United States*, 126 S. Ct. 43 (2005). We have recognized that in order to demonstrate plain error, a party must establish: (1) an error; (2) that was clear and obvious; and (3) said error affected the substantial rights of the defendant. *Id.* If the foregoing elements are satisfied, a reviewing court may then use its discretion to find plain error only if: (4) the error seriously affected "the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

Guzman-Reyes argues that because his sentence was enhanced based on his leadership role in the conspiracy, this constitutes plain error, and therefore he is entitled to be resentenced because without the enhancement he would have been entitled to a safety valve pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). This argument has already been rejected by this Court, as Guzman-Reyes has not directed this panel to anything in the record that indicates he would have received a lesser sentence had he been sentenced under advisory sentencing guidelines. *See United States v. Santana*, 2005 WL 1467228 (5th Cir. June 21, 2005); *see also United States v. Dilks*, 135 Fed. Appx.

653, 655 (5th Cir. 2005) ("Because Dilks was subject to the mandatory minimum sentence of 15 years, he has not shown that his sentence would likely have been different if the judge had sentenced him under the *Booker* advisory regime; therefore, he has not shown plain error."). Accordingly, Guzman-Reyes's sentence is AFFIRMED.