# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 5, 2011

Lyle W. Cayce
Clerk

No. 10-40191
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ROBERTO SALAZAR CUELLAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2142-2

Before DeMOSS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Roberto Salazar Cuellar (Salazar) pleaded guilty to conspiring to possess with intent to distribute in excess of one kilogram of heroin, possessing with intent to distribute in excess of one kilogram of heroin, and importing into the United States more than one kilogram of heroin. He appeals the 188-month sentence imposed upon his conviction. He argues that the district court erred in (1) determining the drug quantity attributable to him under the Guidelines, (2) applying a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

basis that he occupied a leadership role, (3) applying a two-level enhancement pursuant to U.S.S.G. § 3B1.4 for use of a minor in connection with the offense; and (4) denying him safety-valve relief under U.S.S.G. § 5C1.2.

Salazar has not shown that the district court clearly erred in holding him accountable for more than 3 but less than 10 kilograms of heroin for purposes of sentencing. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005); U.S.S.G. § 2D1.1 (applying a base offense level of 34 to offenses involving at least 3 kilograms but less than 10 kilograms of heroin). Salazar conceded that the instant offense involved 2.476 kilograms of heroin. The record supports that he previously completed at least two smuggling trips for the same organization – which was associated with other attempts to smuggle heroin – and was paid identically for this trip and each of his prior trips. Thus, the district court could have inferred that Salazar smuggled a similar amount of heroin on each trip. *See United States v. Medina*, 161 F.3d 867, 877 (5th Cir. 1998). Because the record supports that Salazar's prior trips involved at least .524 kilograms of heroin, the district court's quantity finding was plausible in light of the record as a whole. *See Medina*, 161 F.3d at 877.

Salazar's challenge to the two-level adjustment pursuant to § 3B1.1(c) also lacks merit. A defendant qualifies for a § 3B1.1 adjustment if he was the organizer, leader, manager, or supervisor of one or more other participants. § 3B1.1, comment. (n.2). While Salazar asserts that he and his wife participated equally in the instant offense, the record supports that Salazar recruited his wife to participate in the offense because he believed that her participation would reduce the likelihood of detection. *See* § 3B1.1, comment. (n.4) (noting that two-level adjustment is warranted if defendant, inter alia, recruits accomplices). Moreover, the record indicates that Salazar directed his wife with respect to the manner in which the offense should be completed, i.e., he instructed his wife regarding the logistics of the offense and commanded her to perform particular acts. *See United States v. Turner*, 319 F.3d 716, 725 (5th Cir. 2003). Thus,

No. 10-40191

Salazar has not shown that the district court clearly erred in applying an enhancement under § 3B1.1(c). *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006).

Salazar's contention that he should not have been assessed an adjustment under § 3B1.4 is likewise unavailing. Section 3B1.4 provides that a defendant who "used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense" is subject to a two-level sentence enhancement. § 3B1.4. While Salazar argues that his child merely was present during the smuggling attempt, Salazar hid the heroin within a child car seat on which his son was seated during the attempt. The district court plausibly could have inferred that the child was included to reduce suspicion and to facilitate passage across the border without agents detecting the presence of heroin. *See United States v. Mata*, — F.3d —, No. 09-41092, 2010 WL 4009880, at *3 (5th Cir. Oct. 14, 2010). Because the record does not contain the basis for the sentencing judge's decision to deny Salazar's wife a similar § 3B1.4 adjustment, we are unable to determine whether any disparity in the application of the adjustment was unwarranted.

Finally, Salazar's contention that the district court erred when it denied him a safety valve reduction is without merit. Salazar argues that the district court's determination that he was not eligible for a safety valve reduction was based on its erroneous conclusion that he was an organizer or leader. Because the district court did not clearly err in determining that Salazar was an organizer or leader pursuant to § 3B1.1(c), he was ineligible for a safety valve reduction. *See* U.S.S.G. § 5C1.2(a)(4). Therefore, Salazar has not shown clear error. *See United States v. Miller*, 179 F.3d 961, 963-64 (5th Cir. 1999).

Accordingly, the district court's judgment is AFFIRMED