# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41204

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAFAEL CORTEZ-GONZALEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before OWEN, SOUTHWICK, and HIGGINSON, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

Rafael Cortez-Gonzalez pled guilty to one count of transporting illegal aliens. He contends the district court erred by applying a four-level enhancement under Sentencing Guideline Section 2L1.1(b)(3)(B) when one of the enhancement's predicate offenses could not be counted for criminal history points under Section 4A1.2(e). The district court did not err. We AFFIRM.

## FACTUAL AND PROCEDURAL HISTORY

On June 17, 2017, a Remote Video Surveillance System operator with the United States Bureau of Customs and Border Protection (CBP) using infrared technology observed ten individuals exit a white Ford F-250 pickup

truck near a ranch less than a mile south of the Sarita checkpoint around midnight. The truck then proceeded south on Highway 77 with CBP officers following. Shortly after midnight, the CBP officers attempted to stop the truck using their vehicle's lights and sirens.

Instead of pulling over, the driver of the truck, Raymond Teran-Alfaro, sped away. This led to a pursuit for about 25 miles, reaching speeds of close to 100 miles per hour. Eventually the truck left the paved road, drove over some railroad tracks, and became immobilized. The driver tried to escape on foot but was arrested a few minutes later about 150 yards from the truck.

Meanwhile, other CBP officers searched for the ten individuals who had earlier exited the truck at the ranch. This search led to another foot pursuit, where CBP officers were able to arrest eight of the ten. Cortez-Gonzalez was one of the eight arrested. CBP later discovered Cortez-Gonzalez was transporting undocumented aliens in the bed of the truck to a predesignated location, then operating as a brush guide in an effort to bring them into the United States.

In July 2017, a grand jury indicted Cortez-Gonzalez on one count of conspiracy to transport illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), and three counts of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II). Cortez-Gonzalez pled guilty to one of the counts of transporting illegal aliens. The court granted the Government's motion to dismiss the other three counts.

The presentence investigation report (PSR) applied a base offense level of 12. Among other enhancements, the PSR recommended the court apply a four-level enhancement under Section 2L1.1(b)(3)(B). Section 2L1.1(b)(3) provides for a four-level enhancement "[i]f the defendant committed any part of the instant offense after sustaining . . . two (or more) convictions for felony immigration and naturalization offenses, each such conviction arising out of a

separate prosecution." One of Cortez-Gonzalez's felony convictions providing the basis for the enhancement was from 2003, the other from 2017. Section 4A1.2(e), though, provides that certain older convictions are not used to compute criminal history points. The 2003 conviction was such a conviction not assigned criminal history points.

At his sentencing hearing, Cortez-Gonzalez objected to the four-level enhancement under Section 2L1.1(b)(3)(B), describing the 2003 offense as "really stale." He did not object to the other underlying conviction that, if it had been the only one, would have led to a two-level enhancement. U.S.S.G. § 2L1.1(b)(3)(A). The court overruled his objection without explanation, applied the four-level enhancement, and sentenced Cortez-Gonzalez at the high end of the Guidelines range to 37 months in prison.

Cortez-Gonzalez appealed. Originally, his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), to support a motion to withdraw as counsel, having concluded there was no nonfrivolous issue for an appeal. In a footnote, counsel conceded that the court correctly overruled the contention that the 2003 offense was too old to count under the Section 2L1.1(b)(3) enhancement. Nevertheless, an order from our court found the *Anders* brief unpersuasive on the Section 2L1.1(b)(3) contention and ordered either a supplemental brief or for counsel to retract the motion to withdraw and file a brief on the merits. Cortez-Gonzalez's counsel chose to withdraw the motion and proceed in the appeal.

## DISCUSSION

The sole issue is whether the district court procedurally erred in using the 2003 conviction for the Section 2L1.1(b)(3)(B) enhancement when the conviction was ineligible for criminal history points under Section 4A1.2(e).

No. 17-41204

"We review a district court's interpretation or application of the Guidelines *de novo* and its factual findings for clear error." *United States v. Nash*, 729 F.3d 400, 403 (5th Cir. 2013). Our review of whether a past offense can serve as a predicate offense under the Section 2L1.1(b)(3)(B) enhancement is *de novo*. *Cf. id.*

When "interpreting the Sentencing Guidelines, we apply the ordinary rules of statutory construction." *United States v. Serfass*, 684 F.3d 548, 551 (5th Cir. 2012). "When the language of the guideline is unambiguous, the plain meaning of that language is controlling unless it creates an absurd result." *Id*. We apply the rule of lenity "if that language is ambiguous." *Id*.

Cortez-Gonzalez asserts the district court miscalculated his Guidelines range because of the Section 2L1.1(b)(3)(B) enhancement. In other words, he contends the court committed procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007) (noting "significant procedural error" includes "failing to calculate (or improperly calculating) the Guidelines range").

Cortez-Gonzalez contends that because "the 10-month sentence that he received for the 2003 alien-transporting offense was too stale to receive criminal-history points and therefore was 'not counted,' . . . it was erroneous for the district court to use that prior conviction as a basis for [the] enhancement" at issue. As support, Cortez-Gonzalez relies on the commentary for Section 2L1.1. Note number two is his focus: "Prior felony conviction(s) resulting in an adjustment under subsection (b)(3) are also counted for purposes of determining criminal history points pursuant to Chapter Four, Part A (Criminal History)." U.S.S.G. § 2L1.1 cmt. n.2. Under this argument, if the prior conviction did not result in criminal history points, it cannot be a predicate offense for the enhancement. Cortez-Gonzalez also argues that we should apply the rule of lenity because the Guidelines are ambiguous.

These arguments are unpersuasive. First, the plain text of the Sentencing Guideline does not limit the predicate offense for the enhancement in Section 2L1.1(b)(3) to offenses that could count for criminal history points. That Guideline states:

> If the defendant committed any part of the instant offense after sustaining (A) a conviction for a felony immigration and naturalization offense, increase by **2** levels; or (B) two (or more) convictions for felony immigration and naturalization offenses, each such conviction arising out of a separate prosecution, increase by **4** levels.

U.S.S.G. § 2L1.1(b)(3). There is no stated temporal limitation on predicate offenses that invoke the enhancement. We find no absurdity in the lack of such a limitation. That obligates us "to enforce [the language] according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) (citations omitted).

Second, note two in the commentary to Section 2L1.1 does not compel a different result. As a rule, Sentencing Guideline "[c]ommentary contained in . . . application notes is 'authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" *United States v. Miller*, 607 F.3d 144, 148 n.2 (5th Cir. 2010) (quoting *United States v. Johnston*, 559 F.3d 292, 295 n.4 (5th Cir. 2009)).

Here, the note states: "Prior felony conviction(s) resulting in an adjustment under subsection (b)(3) are also counted for purposes of determining criminal history points pursuant to Chapter Four, Part A (Criminal History)." U.S.S.G. § 2L1.1 cmt. n.2. Cortez-Gonzalez argues this note "presumably" supports the inverse idea that "when a sentence for a prior felony conviction was too stale to receive criminal-history points" under Sentencing Guideline Section 4A1.2(e)(3), "that prior felony conviction could

not be [a] basis for enhancement under U.S.S.G. § 2L1.1(b)(3)." That, though, is not what the note says, and we will not re-write it.

Notably, the comment does not mandate that if the prior felony conviction is ineligible for criminal history points, it cannot serve as the predicate offense for the enhancement. The United States Sentencing Commission could have included such a limitation if it so intended. *See United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1313 (11th Cir. 2005) (noting the Sentencing Commission was capable of "explicitly limit[ing] the application of certain convictions"). For example, Section 2L1.2 cmt. n.3 (which is not at issue in this appeal) states the following:

> **Criminal History Points.**—*For purposes of applying subsections (b)(1), (b)(2), and (b)(3), use only those convictions that receive criminal history points under §4A1.1(a), (b), or (c).* In addition, for purposes of subsections (b)(1)(B), (b)(2)(E), and (b)(3)(E), use only those convictions that are counted separately under §4A1.2(a)(2).
>
> A conviction taken into account under subsection (b)(1), (b)(2), or (b)(3) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History).

U.S.S.G. § 2L1.2 cmt. n.3 (italicized emphasis added). This is the type of limitation Cortez-Gonzalez urges our court to read into Section 2L1.1(b)(3). The Sentencing Commission did not make such a specific limitation, and we are not free to impose that limitation judicially.

We also examine the original statutory text instructing the Sentencing Commission to include the Section 2L1.1(b)(3) language. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") instructed the Sentencing Commission to

> impose an appropriate sentencing enhancement upon an offender with 1 prior felony conviction arising out of a separate and prior

prosecution for an offense that involved the same or similar underlying conduct as the current offense, to be applied in addition to any sentencing enhancement that would otherwise apply pursuant to the calculation of the defendant's criminal history category.

Pub. L. No. 104-208, § 203(e)(2)(C), 110 Stat. 3009-565 to 567 (codified at 28 U.S.C. § 994 note); *id.* at § 203(e)(2)(D) (providing for a further enhancement if there are "2 or more" such "prior felony convictions"); *see also* U.S.S.G. APPENDIX B at 65–66 (citing text from IIRITA in conjunction with the 2016 Sentencing Guidelines). The statute provides that the enhancement will apply "*in addition to* any sentencing enhancement that would otherwise apply pursuant to the calculation of the defendant's criminal history category." *Id.* at § 203(e)(2)(C), (D) (emphasis added). The Sentencing Guidelines reflected these new instructions in the 1997 manual and maintained them in the 2016 manual. *Compare* U.S.S.G. § 2L1.1(b)(3) & cmt. n.5 (1997) *with* U.S.S.G. § 2L1.1(b)(3) & cmt. n.2 (2016). Having determined "the language of the Guidelines is unambiguous" and not absurd, our inquiry is concluded. *United States v. Rabanal*, 508 F.3d 741, 743 (5th Cir. 2007).

That lack of ambiguity also defeats Cortez-Gonzalez's argument that the rule of lenity should apply. *See United States v. Bustillos-Pena*, 612 F.3d 863, 868–69 (5th Cir. 2010) (noting "we apply the rule of lenity to [the Sentencing Guidelines] when we find that they are ambiguous" and have already unsuccessfully attempted to resolve that ambiguity through the canons of construction).

AFFIRMED.