# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-40082
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Felipe Rivera-Paredes,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1589-1

———————————————————————————

Before Clement, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Felipe Rivera-Paredes, federal prisoner # 98258-379, seeks to proceed in forma pauperis (IFP) on appeal from the order denying his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction and amended § 3582(c)(2) motion. He contends that the district court erred by denying him

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

§ 3582(c)(2) relief based upon Amendments 821 and 728 to the Sentencing Guidelines.

Through his IFP motion, Rivera-Paredes challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Although Rivera-Paredes contends that the district court erred by denying him a two-level reduction under U.S.S.G. § 4C1.1 (created by Subpart 1 of Part B of Amendment 821), he ignores the plain language of § 4C1.1(a), which requires that a defendant satisfy "all" of the criteria listed in § 4C1.1(a)(1)-(10), including that he did not receive a U.S.S.G. § 3B1.1 adjustment *and* that he did not engage in a continuing criminal enterprise. *See* § 4C1.1(a)(10); *see also United States v. Cortez-Gonzalez*, 929 F.3d 200, 203 (5th Cir. 2019) ("When the language of the guideline is unambiguous, the plain meaning of that language is controlling unless it creates an absurd result." (internal quotation marks and citation omitted)). Because Rivera-Paredes received a § 3B1.1(a) enhancement, he does not present a nonfrivolous appellate argument that he qualified for the two-level reduction. *See* § 4C1.1(a)(10).

As to Rivera-Paredes's Amendment 782 argument, he was sentenced in August 2016, well after that amendment's effective date. *See United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017) (observing that Amendment 782 became effective on November 1, 2014). Consequently, Amendment 782 does not constitute a basis for § 3582(c)(2) relief. *See* 18 U.S.C. § 3582(c)(2) (providing that court may reduce term of imprisonment only when defendant's sentencing range has been lowered after original sentencing).

No. 24-40082

Finally, a proceeding under § 3582(c)(2) is not a full resentencing. U.S.S.G. § 1B1.10(a)(3), p.s.; *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).  The district court therefore could not have considered as part of its § 3582(c)(2) analysis Rivera-Paredes's present challenges to the imposition of the § 3B1.1(a) enhancement and the alleged failure to grant him a U.S.S.G. § 3E1.1 reduction for acceptance of responsibility at sentencing. *See* § 1B1.10(b)(1), p.s.

Rivera-Paredes fails to raise a nonfrivolous issue regarding whether the district court abused its discretion by denying him a § 3582(c)(2) reduction in sentence. *See United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017); *Howard*, 707 F.2d at 220.  Accordingly, we DENY the IFP motion and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.