In the

# United States Court of Appeals

## For the Seventh Circuit

No. 24-1226

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

AURELIO CERVANTES,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:15-CR-86 JD — **Jon E. DeGuilio**, *Judge.*

SUBMITTED JULY 24, 2024* — DECIDED JULY 26, 2024

Before ROVNER, ST. EVE, and LEE, *Circuit Judges.*

PER CURIAM. Aurelio Cervantes appeals the denial of a motion seeking to reduce his prison sentence under 18 U.S.C.
§ 3582(c)(2). But he is ineligible for the reduction, so we affirm.

---

* We have agreed to decide the case without oral argument because
the briefs and record adequately present the facts and legal arguments,
and oral argument would not significantly aid the court. FED. R. APP. P.
34(a)(2)(C).

Cervantes pleaded guilty in 2016 to possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 168 months, the bottom of his calculated guidelines range. In calculating his range, the court assessed a total offense level of 35: a base offense level of 34 corresponding to the quantity of cocaine attributable to Cervantes (less than 150 kilograms), *see* U.S.S.G. § 2D1.1(c)(3); a four-level increase because Cervantes acted as the leader of a criminal activity involving five or more participants, *see* U.S.S.G. § 3B1.1(a); and a three-level decrease for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. Cervantes had no criminal history points, so his criminal history category was I and his corresponding guidelines range was 168-210 months. He did not appeal the judgment.

In 2023, Cervantes moved under § 3582(c)(2) to reduce his sentence from 168 months to 135 months. He asserted that a recent retroactive amendment to the Sentencing Guidelines—Amendment 821—authorized a two-level reduction for certain offenders like him who have no criminal history. U.S.S.G. § 4C1.1(a) (amended Nov. 1, 2023). This amendment lists ten criteria a defendant must meet to qualify for the two-level reduction. Of significance for this appeal, the tenth criterion has two conditions: The defendant must establish that he "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." U.S.S.G. § 4C1.1(a)(10). Cervantes, making a textual argument, asserted that his § 3B1.1 adjustment could not alone disqualify him because § 4C1.1(a)(10) uses the conjunction "and" to connect the two conditions—that is, he cannot be excluded unless he had both received a § 3B1.1 adjustment and engaged in a continuing criminal enterprise.

The district court, acting sua sponte, denied the motion. The court determined that Cervantes failed to satisfy § 4C1.1(a)(10) because he had received an aggravating-role adjustment under § 3B1.1. The court relied on our holding in *United States v. Draheim*, 958 F.3d 651 (7th Cir. 2020), which interpreted similar conjunctive language in the context of the safety-valve statute's fourth criterion, 18 U.S.C. § 3553(f)(4), and its corresponding sentencing guideline, U.S.S.G. § 5C1.2(a)(4). In *Draheim*, 958 F.3d at 657–58, we concluded that where the word "and" conjoins several negative phrases, each negative phrase is a separate requirement. We thus upheld the denial of safety-valve relief for the defendant who conceded she was a leader but did not engage in a continuing criminal enterprise. The district court alternatively determined that Cervantes's sentence could not be reduced because it already was at the bottom of what the revised guideline range would be with § 4C1.1's two-level reduction, and U.S.S.G. § 1B1.10(b)(2) prohibits reducing a sentence below the revised guideline range.

Section 4C1.1(a), the so-called zero-point offender adjustment, establishes a set of ten criteria that a defendant without a criminal history must meet to qualify for the two-level reduction:

> (a) Adjustment.—If the defendant meets all of the following criteria:
>
>> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>>
>> (2) the defendant did not receive an adjustment under § 3Al.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2Hl.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3Al.1 (Hate Crime Motivation or Vulnerable Victim) or § 3Al.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

On appeal, the parties dispute only the meaning of the tenth criterion, § 4C1.1(a)(10). Cervantes maintains that the

use of the conjunctive "and" renders him eligible for the downward adjustment because he did not play an aggravating role under § 3B1.1 in addition to engaging in a continuing criminal enterprise under 21 U.S.C. § 848. The government counters that this interpretation is foreclosed by *Draheim*. The government notes that *Draheim* interpreted functionally identical language in the safety-valve guideline to require a defendant to satisfy both criteria. We review the district court's interpretation of § 4C1.1 de novo, employing the rules of statutory construction to parse its language. *See United States v. Feeney*, 100 F.4th 841, 844 (7th Cir. 2024).

We agree with the government that the role adjustment that Cervantes received under § 3B1.1 is sufficient to disqualify him from eligibility for a two-level reduction under § 4C1.1. The district court properly relied on our decision in *Draheim*, which construed nearly identical language in § 5C1.2(a)(4) to preclude safety-valve relief for a defendant who either played an aggravating role or was engaged in a continuing criminal enterprise. *Draheim*, 958 F.3d at 657–58. Section 4C1.1(a)(10), like the guideline at issue in *Draheim*, is phrased "in terms of what the defendant must show *was not* true of him," rather than being phrased "in terms of what the government would have to prove *was* true." *Id.* at 657 (emphasis in original) (citing *United States v. Bazel*, 80 F.3d 1140, 1143 (6th Cir. 1996)). This understanding from *Draheim*, in fact, was reaffirmed in a pending amendment to § 4C1.1 recently approved by the Sentencing Commission. In that amendment, the Commission proposed separating the two conditions listed in § 4C1.1(a)(10) into two provisions by adding a subsection (a)(11) to clarify that an aggravating-role enhancement alone disqualifies a defendant from relief. *See* Sentencing Guidelines for the United States Courts, 89 Fed. Reg. 36853,

36865–66 (citing *Draheim*, 958 F.3d at 660) (proposed May 3, 2024).

Cervantes argues that *Draheim* is distinguishable in that it relied in part on an application note—Note 3(B) to § 5C1.2(a)(4)—that has no analogue in § 4C1.1. *See Draheim*, 958 F.3d at 658. Note 3(B) clarifies an incongruity in § 5C1.2(a), namely that the provision refers to a "continuing criminal enterprise" but expressly does not apply to convictions under 21 U.S.C. § 848. The note resolves this tension by acknowledging that, in practice, a continuing criminal enterprise will not disqualify a defendant from safety-valve relief. Cervantes contends that we should give meaning to the Commission's decision not to include something like Note 3(B) when it added § 4C1.1—that the Commission intended for § 4C1.1(a)(10) to be interpreted differently than § 5C1.2(a)(4).

Cervantes's contention, however, overlooks a key distinction between § 4C1.1 and § 5C1.2. The former does apply to a conviction under 21 U.S.C. § 848. Because § 4C1.1 applies to a § 848 conviction, its reference to a "continuing criminal enterprise" does not necessitate an application note like Note 3(B) to resolve any tension within the guideline.

Cervantes next makes a policy argument, asserting that his reading of § 4C1.1(a)(10) better advances the Commission's intent to provide relief to zero-point offenders who are far less likely to recidivate. *See* U.S.S.G. app. C, Amend. 821 at 242. But this argument does not account for the Commission's decision to exclude certain zero-point offenders from eligibility if their offense is serious or involved certain aggravating factors. *See id.* at 242–43. While Amendment 821 was meant to benefit zero-point offenders, we reject the premise that it pursues this goal "at all costs." *Pulsifer v. United States*, 601 U.S.

124, 152 (2024) (quoting *Luna Perez v. Sturgis Pub. Schs.*, 598 U.S. 142, 150 (2023)).

Finally, Cervantes urges that the rule of lenity demands we choose the interpretation of § 4C1.1 that is more favorable to him. But that rule comes into play only if, after exhausting all the tools of statutory interpretation, we conclude that a guideline is so grievously ambiguous that we must simply guess at its meaning. *See United States v. Pace*, 48 F.4th 741, 755 (7th Cir. 2022), *cert. denied*, 144 S. Ct. 1092 (2024). That is not the case here.

We close with a word about the district court's alternative ground for denying Cervantes's motion. As an alternative basis for denial, the court stated that Cervantes's sentence could not be reduced under § 1B1.10(b)(2) because it already was at the bottom of what the revised guideline range would be with the zero-point offender adjustment. The government concedes that this was error. If Cervantes did qualify for a reduction, his amended guideline offense level would drop from 35 to 33 (correlating to a guideline range of 135–168 months). The court mistakenly relied on an offense-level calculation in the presentence investigation report that attributed a larger quantity of drugs to Cervantes than was found at sentencing. But any error was harmless, given the district court's correct determination that Cervantes was ineligible for the downward adjustment in § 4C1.1 based on his aggravating-role adjustment under § 3B1.1(a).

AFFIRMED