FILED
United States Court of Appeals
Tenth Circuit

April 1, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO ORTIZ HERRERA,

    Defendant - Appellant.

No. 24-6236
(D.C. No. 5:22-CR-00233-SLP-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Defendant, Antonio Oritz Herrera, appeals pro se the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. Defendant's motion requested a reduction of his 264–month sentence of imprisonment for conspiracy to possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846. Defendant argued he qualified for a two-point offense level reduction as a zero-point offender pursuant to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.S.G. § 4C1.1(a) (2023). But to qualify for a reduction under that provision, Defendant must satisfy ten eligibility criteria. *See* U.S.S.G. § 4C1.1(a). The district court dismissed Defendant's motion for lack of jurisdiction after determining that Defendant did not satisfy all ten criteria. Specifically, the court held Defendant failed to satisfy the tenth criterion because Defendant received an offense level adjustment under U.S.S.G. § 3B1.1 for his role as a leader or organizer in the conspiracy. Defendant's appeal raises a question of statutory interpretation relating to the district court's jurisdiction, so we review it de novo. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017). Exercising jurisdiction under 18 U.S.C. § 3742, we affirm.

At the time the district court dismissed Defendant's motion, the tenth criterion for a § 4C1.1(a) offense level adjustment required that Defendant "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." U.S.S.G. § 4C1.1(a)(10). Defendant argued, then as now, that § 4C1.1(a)(10) only disqualifies Defendant if he *both* received an aggravating role adjustment *and* engaged in a continuing criminal enterprise. Consequently, Defendant argued he is eligible for a sentence reduction because he was not engaged in a continuing criminal enterprise. The district court rejected Defendant's argument, and so do we. Receiving an adjustment under § 3B1.1 independently disqualifies Defendant from receiving the benefit of a § 4C1.1(a) adjustment, regardless of whether Defendant also engaged in a continuing criminal enterprise. Section 4C1.1(a) plainly requires that Defendant "satisfy 'all' of the criteria listed in § 4C1.1(a)(1)–(10), including that he did not receive a U.S.S.G. § 3B1.1 adjustment *and* that he did not engage in a continuing

2

criminal enterprise." *United States v. Morales*, 122 F.4th 590, 594 (5th Cir. 2024) (quoting *United States v. Rivera-Paredes*, No. 24-40082, 2024 WL 3051671, at *1 (5th Cir. June 19, 2024)); *see also United States v. Cervantes*, 109 F.4th 944, 947 (7th Cir. 2024) (explaining Section 4C1.1(a)(10) "is phrased 'in terms of what the defendant must show *was not* true of him,' rather than being phrased 'in terms of what the government would have to prove *was* true.'") (quoting *United States v. Draheim*, 958 F.3d 651, 657 (7th Cir. 2020)). Accordingly, Defendant is ineligible for a § 4C1.1 adjustment because Defendant failed to satisfy *all* of the provision's eligibility requirements.

Moreover, even if there was any argument to be had that § 4C1.1(a)(10) required a showing that Defendant *both* engaged in a continuing criminal enterprise *and* received an aggravating role enhancement, it is not to be had any longer. The Sentencing Commission has since amended § 4C1.1(a)(10) to clarify that receiving an adjustment under § 3B1.1 alone disqualifies a defendant from receiving an offense level reduction under § 4C1.1(a). *See* U.S.S.G. § 4C1.1 (Historical Notes, 2024 Amendments) (explaining the Commission adopted "technical changes" to "clarify the Commission's intention that a defendant is ineligible for the adjustment if the defendant meets either of the disqualifying conditions in the provision"). The amended guideline now lists eleven eligibility criteria rather than ten, and it provides that a defendant only qualifies for a reduction if "(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role); and (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." U.S.S.G. § 4C1.1(a)(10)–(11) (2024). Thus, the Commission's clarification confirms that the district court correctly interpreted § 4C1.1(a)(10).

3

In conclusion, the meaning of § 4C1.1(a)(10) is clear—receiving an aggravating role enhancement is enough to bar eligibility for an offense level reduction pursuant to § 4C1.1(a).  It bars Defendant's eligibility here.  We AFFIRM the district court's dismissal. Defendant's motion to proceed *in forma pauperis* is GRANTED.

Entered for the Court


Bobby R. Baldock
Circuit Judge