**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1013 |
| *Plaintiff - Appellee*, | D.C. No. 2:13-cr-01123-SPL-1 |
| v. | |
| ROBERTO GONZALEZ-LOERA, | |
| *Defendant - Appellant*. | OPINION |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted March 27, 2025[*]
Phoenix, Arizona

Filed April 28, 2025

Before: Susan P. Graber and Mark J. Bennett, Circuit
Judges, and Joan H. Lefkow, Senior District Judge.[**]

Opinion by Judge Bennett

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Joan H. Lefkow, United States Senior District Judge for the Northern District of Illinois, sitting by designation.

## SUMMARY***

## Criminal Law

The panel affirmed the district court's denial of Roberto Gonzalez-Loera's motion for a sentence reduction under the new zero-point offender provision of U.S.S.G. § 4C1.1.

Section 4C1.1 allows a court to adjust a defendant's offense level downward if he "meets all of the [listed] criteria." The listed criteria include those set forth in § 4C1.1(a)(10) ("subsection (10)"): "[T]he defendant did not receive an adjustment under [U.S.S.G.] § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848."

Because of subsection (10)'s plain and unambiguous text, the panel held that it contains two distinct requirements, and a defendant must satisfy both to obtain relief. Thus, a defendant is ineligible for relief under § 4C1.1 if he *either* received an adjustment under § 3B1.1 *or* engaged in a continuing criminal enterprise. Because Gonzalez-Loera received an adjustment under § 3B1.1, he is ineligible for relief under U.S.S.G. § 4C1.1.

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Pete A. Sabori, Assistant United States Attorney; Christina M. Cabanillas, Deputy Appellate Chief; Gary M. Restaino, United States Attorney; Office of the United States Attorney, United States Department of Justice, Tucson, Arizona; Jason Crowley, Assistant United States Attorney, Office of the United States Attorney, United States Department of Justice, Phoenix, Arizona; for Plaintiff-Appellee.

Celia Rumann, Tempe, Arizona, for Defendant-Appellant.

## OPINION

BENNETT, Circuit Judge:

Roberto Gonzalez-Loera appeals from the district court's order denying his motion for a sentencing reduction under the new zero-point offender provision of the United States Sentencing Guidelines ("U.S.S.G.") § 4C1.1. [1] Section 4C1.1 allows a court to adjust a defendant's offense level downward if he "meets all of the [listed] criteria." U.S.S.G. § 4C1.1(a). Here, we are concerned only with the criteria in § 4C1.1(a)(10) ("subsection (10)"): "[T]he defendant did not receive an adjustment under [U.S.S.G.] § 3B1.1 (Aggravating Role) and was not engaged in a

---

[1] The United States Sentencing Commission amended § 4C1.1 effective November 1, 2024, after the district court denied Gonzalez-Loera's motion. Unless otherwise noted, all references to § 4C1.1 refer to the version in effect when the district court ruled on the motion in February 2024.

continuing criminal enterprise, as defined in 21 U.S.C. § 848." *Id.* § 4C1.1(a)(10).

Because of subsection (10)'s plain and unambiguous text, we hold that it contains two distinct requirements, and a defendant must satisfy both to obtain relief. Thus, a defendant is ineligible for relief under § 4C1.1 if he *either* received an adjustment under § 3B1.1 *or* engaged in a continuing criminal enterprise. Because Gonzalez-Loera received an adjustment under § 3B1.1, he is ineligible for relief, and we affirm the district court's denial of his motion to reduce his sentence.

## I.

In March 2015, Gonzalez-Loera pleaded guilty to conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. Adopting the presentence report, the district court calculated a total offense level of 39, which included a four-level organizer or leader enhancement under § 3B1.1(a). With Gonzalez-Loera's criminal history category of I (based on zero criminal history points), the resulting guideline range was 262 to 327 months. The district court sentenced Gonzalez-Loera to 262 months' imprisonment.

After Gonzalez-Loera's sentencing, the United States Sentencing Commission ("Commission") created a new retroactive guideline, § 4C1.1. *See* U.S.S.G. supp. app. C, amend. 821, part B, subpart 1, at 236–37 (Nov. 2023); U.S.S.G. § 1B1.10(d). The new guideline provides for a two-level reduction for certain defendants with zero criminal history points:

> (a) Adjustment.—If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating

> Role) and was not engaged in a
> continuing criminal enterprise, as defined
> in 21 U.S.C. § 848;

> decrease the offense level determined under
> Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1(a).

Relying on § 4C1.1(a)(10), Gonzalez-Loera moved for a sentence reduction under 18 U.S.C. § 3582(c)(2).[2] The government opposed the motion, arguing that Gonzalez-Loera was ineligible for the reduction under subsection (10) because he had received an aggravating role adjustment under § 3B1.1 for being an organizer or leader. *See* U.S.S.G. § 4C1.1(a)(10). Gonzalez-Loera contended that subsection (10) sets out a single disqualifying condition, meaning that a defendant must have *both* received an adjustment under § 3B1.1 *and* engaged in a continuing criminal enterprise to be disqualified. Were that the correct reading of the subsection, Gonzalez-Loera would have been eligible for the

---

[2] Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to
> a term of imprisonment based on a sentencing range
> that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. [§] 994(o), upon
> motion of the defendant . . . , the court may reduce the
> term of imprisonment, after considering the factors set
> forth in section 3553(a) to the extent that they are
> applicable, if such a reduction is consistent with
> applicable policy statements issued by the Sentencing
> Commission.

18 U.S.C. § 3582(c)(2).

reduction because he had not been found to have engaged in a continuing criminal enterprise.

The district court agreed with the government's interpretation of subsection (10) and denied the motion for a sentencing reduction. Gonzalez-Loera timely appealed.

## II.

We review de novo the issue of how subsection (10) should be interpreted. *See United States v. McEnry*, 659 F.3d 893, 896 (9th Cir. 2011) (reviewing "de novo the district court's interpretation of the sentencing guidelines").

We agree with the government that the text of subsection (10) is plain and unambiguous: subsection (10) has two separate requirements, and a defendant must satisfy both to be eligible for a sentencing reduction under § 4C1.1. *See United States v. Guzman-Mata*, 579 F.3d 1065, 1069 (9th Cir. 2009) ("When interpreting the Sentencing Guidelines, we apply the general rules of statutory construction. Under these rules, '[t]he plain meaning of unambiguous language in a guideline provision controls.'" (alteration in original) (citation omitted) (quoting *United States v. Valenzuela*, 495 F.3d 1127, 1133 (9th Cir. 2007))). We adopt the Fifth Circuit's persuasive textual analysis in *United States v. Morales*, 122 F.4th 590 (5th Cir. 2024):

> Simplified, § 4C1.1(a)(10) says that a defendant is eligible for the reduction if he "does not have *X and* did not do *Y*." The plain language and grammatical structure of the provision set out two separate requirements. To use an everyday example, this is not a provision stating "You must not drink and drive," but a provision stating "You must not

drink *and* must not drive."    The "and" connects several provisions that all must be met.    Thus, to "meet[ ]" the § 4C1.1(a) criteria and prove that he is eligible for the reduction, the defendant must show *both* that he does not have *X and* did not do *Y.*

. . . [Section] 4C1.1(a) does not set out things that the government must show or that the district court must find in order to disqualify [a defendant] from receiving the reduction.  It sets out requirements that [the defendant] must meet to qualify for the reduction.  Accordingly, to receive the zero-point-offender reduction, a defendant must show *both* that he did not receive a § 3B1.1 adjustment *and* that he was not engaged in a continuing criminal enterprise.  The failure to meet either one of those requirements precludes relief.

*Id.* at 594–95 (first alteration in original) (citations omitted).

As explained in *Morales*, the interpretation that we adopt results in the consistent usage of "and" within § 4C1.1(a) to "connect[] items that must each be met for the defendant to qualify for the reduction."  *Id.* at 595.  It also creates no conflict with the use of "or" in the other subsections. "Because the 'and' in § 4C1.1(a)(10) connects two negative principles, it functions in the same way that 'or' does in other subsections."  *Id.* at 596.  That is, "a requirement that a defendant 'must not do *X or Y*' has the same results as a requirement that a defendant 'must not do *X and* must not do *Y.*'"    *Id.*; *see also Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 680 (Fed. Cir. 2015)

("[In] proper grammar, . . . the phrase 'not A, B, *or* C' means 'not A, not B, *and* not [C].'" (internal quotation marks omitted) (quoting A. Scalia &. B. Garner, *Reading Law: The Interpretation of Legal Texts* 119 (2012))). In other words, it is grammatically correct to interpret subsection (10) similarly to the subsections that use "or." The Commission simply chose a different grammatical structure to achieve the same result.[3]

Our interpretation is further supported by decisions of our sister circuits. Four circuits have rejected Gonzalez-Loera's interpretation. *See United States v. Milchin*, 128 F.4th 199, 201 (3d Cir. 2025) ("We . . . hold that § 4C1.1 makes ineligible any defendant that *either* received an aggravating role adjustment *or* was engaged in a continuing criminal enterprise."); *Morales*, 122 F.4th at 595 (same); *United States v. Ashrafkhan*, 129 F.4th 980, 984 (6th Cir. 2025) (same); *United States v. Cervantes*, 109 F.4th 944,

---

[3] Gonzalez-Loera's reliance on *Pulsifer v. United States*, 601 U.S. 124 (2024), is unpersuasive. *Pulsifer* dealt with statutory text in the "safety valve" provision, 18 U.S.C. § 3553(f), that, "in stylized form," requires a defendant to show that he "does not have A, B, and C," 601 U.S. at 127. That phrase created ambiguity as to whether the negative—"does not have"—carried over to each of A, B, and C, *id.* at 140–41, and thus the Court determined that it had to "examine the content of [the] three subparagraphs—what they say and how they relate to each other—as well as how they fit with other pertinent law," *id.* at 141.

Here, by contrast, the text of subsection (10) is clear, as the negative is written before each requirement: "the defendant *did not* receive an adjustment under § 3B1.1 (Aggravating Role) *and was not* engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." U.S.S.G. § 4C1.1(a)(10) (emphases added); *see Morales*, 122 F.4th at 595 (stating that *Pulsifer* noted "that if a provision was read as 'requir[ing] the defendant not to have A, *and* not to have B, *and* not to have C,' he must not have 'each of the three'" (alteration in original) (quoting *Pulsifer*, 601 U.S. at 140)).

946–47 (7th Cir. 2024) (per curiam) (same), *reh'g denied,* No. 24-1226, 2024 WL 4031623 (7th Cir. Sept. 3, 2024).**[4]**

As far as we can tell, all the district courts that have considered the issue have ruled the same way. *See Milchin*, 128 F.4th at 203 (noting that "every court to have considered the question has adopted the disjunctive reading of 'and' in U.S.S.G. § 4C1.1(a)(10)" (citing *United States v. Arroyo-Mata*, 730 F. Supp. 3d 1323, 1325 n.6 (N.D. Ga. 2024) (collecting district court cases))). And Gonzalez-Loera cites no case adopting his interpretation.

Like the Fifth Circuit in *Morales*, we also note that our interpretation is supported by our prior interpretation of a nearly identical provision in the safety-valve statute. *See Morales*, 122 F.4th at 596. The safety-valve statute provides that, for certain offenses, a court can disregard the statutory minimum sentence if it finds, among other things, that "the defendant was not an organizer, leader, manager, or supervisor of others in the offense . . . and was not engaged in a continuing criminal enterprise." 18 U.S.C. § 3553(f)(4). We have held that a defendant's status as a leader or organizer under § 3B1.1 by itself disqualifies him for safety-valve relief under § 3553(f)(4). *See United States v. Lynch*, 903 F.3d 1061, 1084 (9th Cir. 2018); *United States v. Doe*,

---

[4] The Fourth Circuit also held in an unpublished disposition that a leadership-role enhancement under § 3B1.1 alone disqualified a defendant from receiving a reduction under § 4C1.1. *United States v. Shaw*, No. 24-6638, 2024 WL 4824237, at *1 (4th Cir. Nov. 19, 2024) (per curiam). But the court's decision does not state whether Shaw made the same interpretative argument that Gonzalez-Loera makes.

778 F.3d 814, 826 (9th Cir. 2015) (same); *United States v. Nobari*, 574 F.3d 1065, 1083–84 (9th Cir. 2009) (same).[5]

## III.

Subsection (10) contains two distinct requirements that a defendant must meet to be eligible for a sentencing reduction under § 4C1.1. That conclusion is compelled by the statute's plain, unambiguous text and is also supported by the relevant caselaw. A defendant is thus ineligible for relief under § 4C1.1 if he *either* received an adjustment under § 3B1.1 *or* engaged in a continuing criminal enterprise. Because Gonzalez-Loera received an adjustment under § 3B1.1, he is ineligible for relief under § 4C1.1. We therefore affirm the district court's denial of Gonzalez-Loera's motion to reduce his sentence.

---

[5] Effective November 1, 2024, the Commission amended § 4C1.1 by dividing the criteria in subsection (10) into two subsections. U.S.S.G. supp. app. C, amend. 831, at 287 (Nov. 2024) (striking paragraph (10) and inserting two new paragraphs: "(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role); and (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848"). The Commission explained that the purpose of the amendment was "[t]o clarify the Commission's intention that a defendant is ineligible for the adjustment if the defendant meets either of the disqualifying conditions." *Id.* at 288. The Commission's clarifying amendment makes clear that subsection (10) sets forth two separate requirements. *See* U.S.S.G. § 1B1.11(b)(2) ("[I]f a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes."); *see also, e.g.*, *United States v. Morgan*, 376 F.3d 1002, 1010 (9th Cir. 2004) ("[W]e may consider the 2001 amendment when interpreting the 1995 version of the Sentencing Guidelines only if that amendment is a clarification of existing law rather than a substantive change in the law." (citing U.S.S.G. § 1B1.11(b)(2))).

**AFFIRMED.**