# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3774
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Francisco Medina de la Cruz, also known as Spider

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 15, 2025
Filed: May 1, 2025
[Published]
_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Jose Francisco Medina de la Cruz appeals his 220-month sentence following his guilty plea to conspiracy to distribute methamphetamine. After Medina de la Cruz's sentencing, the United States Sentencing Commission promulgated U.S.S.G. § 4C1.1(a). It provides that an offender with zero criminal history points can retroactively seek a two-level reduction if he or she satisfies ten criteria. When

§ 4C1.1(a) was promulgated, the tenth criterion required that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) *and* was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§] 848." U.S.S.G. § 4C1.1(a)(10) (2023) (emphasis added).[1]

Based on the new zero-point-offender provision, Medina de la Cruz moved to reduce his sentence.[2] The district court[3] denied the motion. The court found Medina de la Cruz ineligible for the two-level reduction under § 4C1.1(a)(10). The court based its decision on § 3B1.1(a)'s aggravating role adjustment that Medina de la Cruz received at sentencing. The court concluded that the role adjustment precluded his eligibility for the reduction. Medina de la Cruz argues that the court misinterpreted the guideline. He contends that when read in its entirety, § 4C1.1(a)'s plain language unambiguously precludes relief under subsection (10) *only* when a defendant both received a role adjustment *and* engaged in a continuing criminal enterprise. It is

---

[1]Effective November 1, 2024, the Commission amended § 4C1.1(a) "to strike [§] 4C1.1(a)(10) and replace it with new paragraphs (10) and (11): '(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role); and (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.'" *United States v. Tahir*, No. 24-1279, 2025 WL 720892, at *1 n.2 (6th Cir. Mar. 6, 2025) (unpublished) (quoting U.S.S.G. Amend. 831). "The Commission explained that the amendment 'makes technical changes' to 'clarify the Commission's intention that a defendant is ineligible for the adjustment if the defendant meets either of the disqualifying conditions in the provision.'" *Id.* (quoting U.S.S.G. Amend. 831). Because "the district court issued its order before the enactment of this amendment, we rely on solely the statutory text from Amendment 821." *Id.*

[2]*See United States v. Morales*, 122 F.4th 590, 593 (5th Cir. 2024) ("Section 4C1.1 was made retroactively applicable, so it can be the basis for a motion to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2)." (citing U.S.S.G. § 1B1.10; U.S.S.G. Amend. 825)).

[3]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

undisputed that Medina de la Cruz did not engage in a continuing criminal enterprise and satisfied all other criteria for a two-level reduction under § 4C1.1(a). He, therefore, avers that the district court erred by finding that he was ineligible for the reduction.

We have not yet addressed whether a defendant, who received an aggravating-role adjustment, is ineligible for the § 4C1.1(a) two-level reduction even though he did not engage in a continuing criminal enterprise. But our sister circuits that have addressed the issue have all "concluded that a § 3B1.1 enhancement is sufficient by itself to disqualify a defendant." *Morales*, 122 F.4th at 594 (citing *United States v. Cervantes*, 109 F.4th 944, 946 (7th Cir. 2024) (per curiam); *United States v. Milchin*, No. 24-1484, 2024 WL 4441419, at *2 (3d Cir. Oct. 8, 2024) (unpublished), *vacated*, No. 24-1484, 2025 WL 399514 (3d Cir. Feb. 5, 2025), *redesignating op. as precedential*, 128 F.4th 199 (3d Cir. 2025); *United States v. Shaw*, No. 24-6638, 2024 WL 4824237, at *1 (4th Cir. Nov. 19, 2024) (unpublished per curiam)); *see also United States v. Herrera*, No. 24-6236, 2025 WL 1005962, at *1 (10th Cir. Apr. 1, 2025) (unpublished) (citing *Morales*, 122 F.4th at 594); *United States v. Ashrafkhan*, 129 F.4th 980, 983 (6th Cir. 2025) (citing *Cervantes*, 109 F.4th at 946; *Morales*, 122 F.4th at 595; *Milchin*, 128 F.4th at 201; *Shaw*, 2024 WL 4824237, at *1). These courts agree that "and" in § 4C1.1(a)(10) creates two separate requirements— not one requirement—that a defendant must satisfy to receive the two-level reduction. *See Morales*, 122 F.4th at 594 ("Simplified, § 4C1.1(a)(10) says that a defendant is eligible for the reduction if he 'does not have *X* and did not do *Y*.' The plain language and grammatical structure of the provision set out two separate requirements. To use an everyday example, this is not a provision stating 'You must not drink and drive,' but a provision stating 'You must not drink *and* must not drive.' The 'and' connects several provisions that all must be met.").

-3-

We agree with the reasoning of our sister circuits and now

> hold that to be eligible for the zero-point-offender reduction, a defendant must show *both* that he did not receive an enhancement under § 3B1.1 *and* that he was not engaged in a continuing criminal enterprise. If a defendant either received a § 3B1.1 enhancement or engaged in a continuing criminal enterprise, he is disqualified from receiving the reduction. The district court did not err in its interpretation of § 4C1.1(a)(10) or in its denial of [Medina de la Cruz's] § 3582(c)(2) motion, and its judgment is AFFIRMED.

*Id.* at 597.

_____